*Gilbert & Reid, William Lindsay, for appellants.*

*A. Duvall, Houston & Houston, for appellees.*

---

## WILLIAM P. TAYLOR'S G'D'N *v.* S. W. TALLIFERRO.

**Infant Party to Suit.**
> When an infant is made a party plaintiff by his guardian he is before the court as much as where he is named a defendant and summons served on his guardian.

**Jurisdiction to Sell Ward's Land.**
> Where a guardian petitions for an order to sell his infant ward's land, the court has jurisdiction, whether the infant was in court as plaintiff or defendant.

### APPEAL FROM TODD CIRCUIT COURT.

April 14, 1880.

OPINION BY JUDGE PRYOR:

The infant was made a party plaintiff to the petition filed by the guardian, and was as much before the court as if she had been made a defendant and the summons served on the guardian. The proceeding is at best informal, and if even regarded as erroneous the title passed to the purchaser. The fact that she was not a party to the amendment asking that the proceeds be reinvested is a question between the guardian and infant and in which the purchaser is in no manner interested. The court below had jurisdiction to sell the land on the petition of the guardian, and whether the infant was in court as plaintiff or defendant is immaterial, as she is represented by the guardian; and, besides, a reversal of the case would not have the effect to disturb the sale unless the proceeding should be declared void, which will not be done. This title obtained by the appellant is the only defect complained of by the appellee that has not been cured, and the judgment must be reversed and the cause remanded with directions to render judgment for the appellant in the event a deed is tendered, and in the event the deed from the commissioner embraces the land sold. This, we think, however, is admitted by

the answer, but as some question is made in the brief it may be proper that this fact should be made to appear.

Judgment *reversed* and cause remanded for further proceedings consistent with this opinion.

*Ben T. Perkins, Jr., for appellant.   H. G. Petrie, for appellee.*